13315

MELFI v. DOSCHER *ET AL.*

(161 S. E., 859)

*Messrs. J. D. E. Meyer* and *S. S. Seideman,* for appellants,

*Messrs. Joseph Fromberg* and *H. L. Erckmann,* for respondent,

January 4, 1932.

The opinion of the Court was delivered by Mr. Justice Bonham.

An opinion in this case was filed August 20, 1931, which reversed the judgment of the Court below, and the complaint was ordered to be dismissed. On petition, a rehearing was ordered. The opinion heretofore filed is withdrawn, and this opinion substituted therefor.

It appears that Leonard G. Melfi, son of Leonard F. Melfi, respondent, above named, on the . . . . day of January, 1913, borrowed $12,000.00 of his father, and executed and delivered to him his bond in that sum of date January 10, 1913, which bore interest from date at 6 per cent. per annum, payable quarterly. No date for the maturity of the bond was fixed therein. The bond was secured by mortgage of real estate. The mortgage contained no reference to the due date of the bond.

Both the bond and the mortgage contained this provision: "It being agreed that this mortgage is not to be foreclosed as long as the interest is paid."

Leonard G. Melfi died, intestate, on or about the 28th of May, 1916, leaving him surviving, as his sole heirs-at-law, his widow, who has since married and is now Mary E. Doscher, and his son Leonard T. Melfi, a minor over the age of 14 years, and his son Francis H. Melfi, a minor under the age of 14 years. It is admitted that the interest on the bond and mortgage has been regularly paid; no part of the principal has been paid. Action to foreclose the mortgage was begun September 20, 1930, by service of summons and complaint on Mary E. Doscher and the minors, Leonard T. and Francis H. Melfi. To the complaint the defendants filed a demurrer based upon the ground that it appeared upon the face of the complaint that there was no breach of the bond, because it appeared that there was no default in the payment of interest; hence plaintiff had not the capacity to sue. The demurrer was heard by Judge Grimball, who, in an order dated May 24, 1931, overruled it.

The order states this: "While it does not appear from the pleadings, it was admitted by counsel on both sides that Leonard G. Melfi, the maker of the bond and mortgage, was the son of the plaintiff."

His Honor, in discussing the provision that the mortgage should not be foreclosed as long as the interest was paid, said this:

"Looking at this provision in the light of the authorities presented to me, I conclude that the intention of the father was to assist the son during his lifetime, and that there was no intention to make the bond and mortgage in question of indefinite duration. Plaintiff contends that this was a personal covenant and inasmuch as heirs-at-law are not bound to pay interest on the bond of their ancestor that the provision of this bond as to the foreclosure of the mortgage only inured to the benefit of the one who obligated himself to pay

the interest and ceased to be operative on his death. The authorities submitted sustain this contention."

"I hold that the covenant in question was a personal one and upon the death of Leonard G. Melfi the covenant, or agreement, ended. 15 Corpus Juris, 1229.

"It has also been held that a bond payable at the option of the obligee, becomes due at his death. 9 Corpus Juris, 71, citing *Odenwelder's Estate,* 10 Pa. Co. Ct. R., 591."

We concur in this conclusion of the Circuit Judge.

Our own case of *Collins v. Lemasters,* 2 Bailey, 141, accepted ever since as authority, holds that, where no date of maturity is fixed in the written instrument, it becomes due on demand.

It is argued that the plaintiff has practically admitted that the contract was one in perpetuity, because he has for fifteen years since the death of his son accepted the payment of interest annually.

It is easily understandable that the father out of generosity and affection would not foreclose as against the widow and infant children of his dead son, but, when the widow has remarried and the sons are grown to sturdy youth, and old age is creeping upon him apace, when it behooves him to put his house in order, he would elect to collect his debt.

Since the beginning of this action, the old man, Leonard F. Melfi, has died. If the contention of the defendants be sustained, how will the estate of the decedent, as it related to this mortgage and mortgaged property, be settled? To ask the question is to answer it. There would be presented an impossible situation.

The Circuit Judge is correct: The covenant in question was a personal one which ended with the death of Leonard G. Melfi.

The appeal is dismissed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.

Mr. Justice Cothran did not participate on account of illness.